**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3787-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANTHONY KENNEDY, a/k/a
ANTHONY H. KENNEDY,

      Defendant-Appellant.

_____

Submitted September 23, 2025 – Decided October 29, 2025

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 20-02-0177.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the June 3, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in a fourteen-count indictment with three counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(2) (counts two, seven, and twelve); three counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts one, six, and eleven); three counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (counts three, eight, and thirteen); three counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts four, nine, and fourteen); and two counts of third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (counts five and ten). The charges stemmed from three separate armed robberies on various dates in July 2018, occurring at different 7-11 convenience stores in Burlington County.

In the course of plea negotiations, defense counsel informed defendant orally and in writing that potential federal charges could be filed. Specifically, in an August 25, 2021 letter, defendant's attorney wrote "that [f]ederal [a]gents [were] in the process of finalizing a series of charges against [defendant]." Defense counsel advised she "received [the] information" about the federal

2

charges from "the Assistant Prosecutor here in Burlington County" and told defendant she had no "reason to believe the Assistant Prosecutor" would "fabricat[e]" the information "as she is an officer of the court and is required to be truthful in her negotiations."

Defense counsel added she did not have "the specifics" about the charges because "federal files are sealed" and she was "not [his] federal public defender and [was] not entitled to any information concerning [his] federal matter." However, she cautioned defendant that he was facing significantly more time than the State's plea offer in the event defendant "[went] to trial and los[t]." Defense counsel pointed out that defendant was "mandator[ily] extended term [eligible], which mean[t] if [he went] to trial and los[t], the [j]udge must sentence [defendant] to an extended term," ranging from twenty years to life imprisonment. Additionally, defense counsel indicated the State had rejected their "counteroffers" and "ha[d] made it clear [that] if [defendant] decide[d] to reject their offer, they [would] return to the grand jury and seek an indictment on two additional charges"—"certain persons not to possess firearms," and "employing a juvenile in the commission of a crime."

Subsequently, on August 31, 2021, defendant entered a negotiated guilty plea to the armed robbery charged in count seven. The State agreed to move to

3

dismiss the remaining counts in the indictment and recommend that the sentence imposed run concurrent with any federal charges arising from the same conduct and concurrent with the sentence defendant was then serving. During the plea hearing, defendant confirmed under oath that he was never "diagnosed with any physical or mental condition that would make it difficult for [him] to understand what[ was] taking place . . . or affect[ his] ability to make decisions." Defendant also averred he was not "coerced" into pleading guilty but was entering the plea "knowingly, willingly[,] and voluntarily."

On October 8, 2021, defendant was sentenced in absentia[1] to a seventeen-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, in accordance with the plea agreement. At the sentencing hearing, defense counsel argued that mitigating factor six was applicable, N.J.S.A. 2C:44-1(b)(6) ("The defendant has compensated or will compensate the victim . . . ."). The sentencing judge found aggravating factors three, six, and nine, N.J.S.A. 2C:44-1(a)(3), (6), (9), and mitigating factor six, and determined "the aggravating factors substantially outweigh[ed] the one mitigating factor." Other than remanding for an award of additional jail credits, defendant's sentence was

---

[1] Defendant was serving a sentence in Pennsylvania.

A-3787-23

affirmed in all other respects on our sentencing oral argument calendar, pursuant to Rule 2:9-11.[2]

Defendant filed a timely PCR petition, which was supplemented by assigned counsel, asserting, among other things, he was denied effective assistance of counsel because his attorney: (1) forced him to plead guilty on the basis of an empty threat that additional federal charges would be brought against him instead of obtaining more information; and (2) failed to argue at sentencing that mitigating factor four entitled him to a lesser sentence based on his mental health issues.[3]

In an amended verified petition, defendant averred:

> During the pendency of his case, [defendant's] attorney told him that the prosecutor advised that there would be federal charges arising from the facts of this case. So far, those charges have not come to fruition. However,

---

[2] On remand, fourteen additional jail credits were awarded in an April 5, 2023 amended judgment of conviction.

[3] In the presentence report (PSR) prepared in accordance with Rule 3:21-2(a), defendant, then thirty-three years old, had "related that he was diagnosed with Bipolar Disorder when he was [twelve] years old." "He mentioned that 'over the years' he was also given alternative diagnoses that included: Major Depressive Disorder, Antisocial Personality Disorder, and Anxiety." His PSR recorded three entries in his mental health treatment history: 1) a two-week stay at Horsham Clinic in Pennsylvania around "1998/1999" when he was approximately twelve years old; 2) a two-week stay at Hampton Behavioral Health in 2001; and 3) a two-week stay at Kennedy Hospital in 2004.

counsel advised [defendant] that in addition to these federal charges, the Burlington County Prosecutor's Office was prepared to add more charges. The threat of consecutive federal and state time induced [defendant] to plead guilty.

Following oral argument, the PCR judge denied relief without an evidentiary hearing, finding defendant failed to establish a prima facie case of ineffective assistance of counsel (IAC) under the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in State v. Fritz, 105 N.J. 42 (1987). In a comprehensive written opinion, the judge recited the facts and procedural history of the case, detailed the governing legal principles, and concluded defendant established neither deficient performance on the part of his attorney nor prejudice based on any perceived deficiency. According to the judge, instead, "[d]efendant appears to have second thoughts about his decision to plead guilty and accept his sentence. However, such regrets do not also mean that his counsel rendered ineffective assistance."

Specifically, as to the pleading stage, describing defense counsel's August 25, 2021[4] letter as "informative," rather than "coercive," the judge found defense counsel "appropriately informed defendant in writing that federal charges could be brought against him, and by doing so provided defendant with all information

---

[4] The judge mistakenly referred to the letter as dated August 21, 2021.

A-3787-23

available to her at the time." The judge rejected defendant's contention that his attorney should have investigated his case or "obtained more information about any federal claims," noting defendant "[did] not refer to any supporting materials that [counsel] should have obtained to provide any more specific information" or submit any "affidavit" or "certification" stating what information "could have made any difference in his guilty plea or sentencing."

The judge stressed that at the time, "the federal charges were only potential." Yet,

> [i]n spite of this uncertainty, counsel competently allowed for the possibility that defendant could later encounter federal charges relating to this indictment. She made sure that the plea agreement and sentencing provided for the seventeen-year sentence to run concurrent to any existing sentence and any potential federal sentence. This was skilled representation, as it [e]nsured that if any federal case materialized, it did not adversely affect his agreed upon state prison sentence.

The judge also found no support for defendant's "bald assertion[]" that his attorney was ineffective in representing him at sentencing. In that regard, the judge rejected defendant's assertion that mitigating factor four was applicable, N.J.S.A. 2C:44-1(b)(4) ("substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"). The judge explained:

Defendant's assertion of mental health issues is self-reported and not verified. There is also no authority cited by defendant that any supposed mental health issues would tend to excuse or justify his conduct under mitigating factor four. There are no specifics or any documentation to establish what mental health ailments defendant might suffer from; no relevant certifications, affidavits[,] or medical records are attached to his petition. He does not even proffer any diagnosis.

Significantly, the judge found "[n]o one, including . . . defendant himself, could have reasonably expected a better result such as a complete acquittal at trial, given the nature of the facts." The judge pointed out defendant "faced the possibility of a mandatory extended term sentence . . . [b]ased on his extensive prior criminal record," and "[h]is total sentencing exposure if he was found guilty at trial was quite substantial." Instead, "defendant received a very reasonable plea offer, only having to plead guilty to one out of fourteen counts." Thus, the judge concluded defendant was unable to meet the prejudice prong of the Strickland/Fritz test. The judge entered a memorializing order and this appeal followed.

On appeal, defendant raises the following single Point for our consideration:

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM PLEA

COUNSEL, THE PCR JUDGE ERRED IN DENYING
DEFENDANT'S PETITION FOR RELIEF.

(A) Legal Standards Governing
Applications For Post-Conviction Relief.

(B) An Evidentiary Hearing Was
Required To Determine Defendant's
Claims.

(1) It Was Ineffective For Counsel To
Force Defendant To Plead Guilty On The
Basis Of An Empty Threat.

(2) Trial Counsel Failed To Advocate
For Defendant At Sentencing.

We begin by setting out the guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing," State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are

"material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory[,] or speculative"). Indeed, "'[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted.'" Brewster, 429 N.J. Super. at 401 (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions").

"To establish a prima facie case, [a] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). Moreover, a defendant must make this showing "by a preponderance of the credible evidence." State v. Goodwin, 173 N.J. 583, 593 (2002).

Rule 3:22-2 recognizes five cognizable grounds for PCR, including a

"[s]ubstantial denial in the conviction proceedings of [a] defendant's [constitutional] rights," R. 3:22-2(a), which encompasses the Sixth Amendment right to the effective assistance of counsel at issue in this appeal, State v. Nash, 212 N.J. 518, 541-42 (2013). To establish a prima facie claim of the denial of the effective assistance of counsel as contemplated under Rule 3:22-2(a), a defendant must demonstrate that the performance of counsel fell below the objective standard of reasonableness set forth in Strickland, 466 U.S. at 687-88, and adopted in Fritz, 105 N.J. at 49-58, and that the outcome would have been different without the purported deficient performance. Ibid. Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. As such, a defendant "must overcome the

11

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To be sure, "failure to present mitigating evidence or argue for mitigating factors" at sentencing, "even within the confines of [a] plea agreement," may support a claim of IAC. State v. Hess, 207 N.J. 123, 154 (2011). Likewise, deficiencies in a defense attorney's advice leading to the entry of a guilty plea may support an IAC claim. See State v. Norman, 405 N.J. Super. 149, 162 (App. Div. 2009) ("[D]efendant has made a prima facie showing that his counsel was deficient by permitting him to stipulate that the victim sustained serious bodily injury" in entering a guilty plea (italicization omitted)). "Stated another way, counsel must not 'provide misleading, material information that results in an uninformed plea.'" State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. Gaitan, 209 N.J. 339, 353 (2012)).

Still, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. For that reason, "[t]he quality of counsel's performance cannot be fairly assessed by focusing on a

12

handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006). "The test is not whether defense counsel could have done better, but whether he [or she] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543.

To satisfy the second Strickland/Fritz prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish the prejudice prong in the context of a guilty plea, a defendant must show "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v.

Kentucky, 559 U.S. 356, 372 (2010)). That determination should be "based on evidence, not speculation," ibid., and "[s]olemn declarations in open court carry a strong presumption of verity." State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing State v. Echols, 199 N.J. 344, 358 (2009)). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we agree with the PCR judge that defendant failed to establish a prima facie IAC claim entitling him to relief or an evidentiary hearing, and we affirm for the sound reasons articulated by the judge in his thorough written decision. Focusing on the prejudice prong of the Strickland/Fritz test as we are permitted to do, defendant has not averred that but for counsel's perceived errors, he would "'not have pled guilty and would have insisted on going to trial.'" DiFrisco, 137 N.J. at 457 (quoting Hill, 474 U.S. at 59).

Nor has defendant shown by competent evidence that "a decision to reject the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla, 559 U.S. at 372). Given the strength of the State's evidence, which included surveillance footage and a codefendant's incriminating statement, as well as defendant's sentencing exposure if convicted at trial, we are not convinced that rejecting the plea bargain would have been rational. Indeed, as the judge astutely pointed out, defendant may have regrets about his decision to plead guilty, but such regrets do not generate a cognizable IAC claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division